F. J. STATON, ET AL., *v.* J. W. CHRISTIAN, ET AL.

**Sale of Real Estate—Cancellation of Deed.**

If the grantor of real estate has no title and knows it and this fact was unknown to the grantee at the time of the execution of the deed and was fraudulently concealed from him by the grantor, such grantee is entitled to have the deed canceled.

**Insolvency and Fraud.**

Insolvency and fraud when properly pleaded is a complete defense to an executed contract, and the party who by the fraud of a grantor has been induced to accept a deed when the grantor had no title and knew he had none and the grantee was in ignorance of such facts at the time the deed was executed, is not compelled to rely on his warranty.

APPEAL FROM McCRACKEN CIRCUIT COURT.

October 27, 1876.

OPINION BY JUDGE PRYOR:

The court acted properly in permitting the appellees to prosecute their cross-action against the appellants. They had been regularly brought into court and required to enforce their lien, and the compromise between the original parties to the action could not affect their rights. They were made defendants to the cross-petition of Clark, and their answer to this was as required, and the cross-petition by them against the appellants, as authorized by Chap. 4 of the Civil Code, and the amendments thereto.

The answer of the appellants presented a good defense to the action. It is expressly alleged that the appellees have no title, that this fact was unknown to the appellants and known to the appellees

50

at the time of the execution of the deed, and fraudulently concealed by them from the defendants. If the appellees have no title they should not be permitted to recover. Fraud vitiates the contract, whether executory or executed, and if the appellees are without title, and knew it when they sold, and concealed the fact from the defendants, they are entitled to a cancelment of the deed. Insolvency, nonresidency and fraud, all or either, when properly pleaded, make a complete defense to an executed contract like this. The party is not compelled to rely on his warranty. *Gale v. Conn*, 3 J. J. Marsh. 538; *Vance v. House's Heirs*, 5 B. Mon. 540.

The fact that the parties only conveyed their interest is immaterial. The language of the deed imports that they had an interest, and it is hardly to be supposed that the appellants would undertake to pay to the appellees several hundred dollars without any consideration. The burden of showing fraud is on the appellants, and that must be established in a case like this. The appellants should be permitted to present their defense.

The judgment is, therefore, *reversed* and cause remanded for further proceedings consistent with this opinion. The vendors and appellees being the owners of all the notes, there was no error in subjecting the land to the payment of the notes due.

*King & Gilbert, for appellants.    Bigger & Reid, for appellees.*